

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-60279-CR-ZLOCH MAGISTRATE JUDGE SNOW

18 U.S.C. § 1956(h)

UNITED STATES OF AMERICA,

v.

SAMUEL I. BURSTYN,

    Defendant.
_____/

FILED by _____ D.C.

OCT 2 8 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**INDICTMENT**

The Grand Jury charges that:

**CONSPIRACY TO COMMIT MONEY LAUNDERING**

1.    From in or about 1998, up to and including December 1999, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**SAMUEL I. BURSTYN,**

did knowingly and willfully conspire, confederate, and agree with Jeffrey Tobin and with other persons known and unknown to the Grand Jury to commit an offense against the United States, that is, to violate Title 18, United States Code, Sections 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii) and 1957.

Objects of the Conspiracy

2.    It was the purpose and object of the conspiracy to conduct and attempt to conduct financial transactions, affecting interstate and foreign commerce, which in fact involved the proceeds of specified unlawful activity, that is, the illegal importation and distribution of controlled substances, in violation of Title 21, United States Code, Sections 841, 846, 952 and 963, knowing




that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of the specified unlawful activity and to avoid a currency transactional reporting requirement under Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and (ii).

3. It was also a purpose and object of the conspiracy to knowingly engage and attempt to engage in monetary transactions, affecting interstate and foreign commerce, in criminally derived property that was of a value greater than $10,000, which was derived from specified unlawful activity, that is, the illegal importation of and distribution of controlled substances in violation of Title 21, United States Code, Sections 841, 846, 952 and 963, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## **CRIMINAL FORFEITURE**

1. Upon a conviction of this Indictment, the defendant, **SAMUEL I. BURSTYN**, shall forfeit to the United States all right, title and interest in any and all property, real and personal, involved in the offense pursuant to Title 18, United States Code, Section 1956(h), for which the defendant is convicted, and all property traceable to such property, including the following: 1) all money and other property that was the subject of each transaction, transportation, transmission or transfer in violation of Section 1956(h); (2) all commissions, fees and other property constituting proceeds obtained as a result of those violations; and 3) all property used in any manner or part to commit and to facilitate the commission of those violations, including but not limited to the following:

(a) MONEY JUDGMENT. The sum of approximately $530,000 which represents the property involved in the offense set forth in the Indictment.

2. If any of the above-described forfeitable property, as a result of any act and omission of the defendant,

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code Section, Section 982, which incorporates the substitute asset provisions of Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above described forfeitable property.

All pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 982 and Rule 32.2 of the Federal Rules of Criminal Procedure.

### ADDITIONAL ALLEGATIONS

With respect to the offense charged above, it is further alleged:

1. The total amount of funds laundered exceeded $400,000;

2. The defendant, **SAMUEL I. BURSTYN**, knew and believed that the laundered funds were the proceeds of an offense involving the manufacture, importation or distribution of a controlled substance;

3. The offense involved sophisticated laundering; and

4. The defendant, **SAMUEL I. BURSTYN**, abused a position of public or private trust, and used a special skill, in a manner that significantly facilitated the commission and concealment of the offense.

A TRUE BILL

FOREPERSON

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY

JAMES R. PAVLOCK
SENIOR TRIAL ATTORNEY
U.S. DEPT. OF JUSTICE

MICHAEL J. DITTOE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

SAMUEL I. BURSTYN

Defendant.
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

- ___ Miami
- _X_ FTL
- ___ Key West
- ___ WPB
- ___ FTP

New Defendant(s)          Yes ___   No ___
Number of New Defendants  ___
Total number of counts    ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   _No_
   List language and/or dialect _____

4. This case will take   _9_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                        (Check only one)

   | I   | 0 to 5 days     | ___ | Petty    | ___ |
   | II  | 6 to 10 days    | _9_ | Minor    | ___ |
   | III | 11 to 20 days   | ___ | Misdem.  | ___ |
   | IV  | 21 to 60 days   | ___ | Felony   | _X_ |
   | V   | 61 days and over| ___ |          |     |

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No) ___
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

   Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?  _X_ Yes  ___ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?  ___ Yes  _X_ No
   If yes, was it pending in the Central Region?  ___ Yes  ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?  ___ Yes  _X_ No

        _____    _____
        J. Brian McCormick          James Pavlock
        Assistant U.S. Attorney     Senior Trial Attorney
        Court I.D. A5500084         Court I.D. 5500657

*Penalty Sheet(s) attached                                      REV.1/14/04

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA       CASE NO. __04-60279-Cr-Zloch__

vs.

## CORRECTED CERTIFICATE OF TRIAL ATTORNEY*

SAMUEL I. BURSTYN

             **Defendant.**
_____/     **Superseding Case Information:**

**Court Division:** (Select One)

      New Defendant(s)   Yes ____  No ____
___ Miami  ___ Key West    Number of New Defendants ____
_X_ FTL    ___ WPB  ___ FTP   Total number of counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   __No__
   List language and/or dialect  _____

4. This case will take __9__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                  (Check only one)

   I   0 to 5 days  _____      Petty  _____
   II  6 to 10 days  _9_      Minor  _____
   III 11 to 20 days  _____   Misdem. _____
   IV 21 to 60 days  _____   Felony  _X_
   V  61 days and over

6. Has this case been previously filed in this District Court? (Yes or No)  __No__
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No) _____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: __Case No. 04-60006-Cr-Cohn(s)(s)__
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)  __No__

7. Does this case originate from a matter pending in the U.S. Attorney's Office prior to April 1, 2003?  _X_ Yes  ___ No

8. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999?  ___ Yes  _X_ No
   If yes, was it pending in the Central Region?  ___ Yes  ___ No

9. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

10. Does this case originate from a matter pending in the Narcotics Section (Miami) prior to May 18, 2003?  ___ Yes  _X_ No

                                                 J. Brian McCormick    James Pavlock
                                                 Assistant U.S. Attorney  Senior Trial Attorney
                                                 Court I.D. A5500084   Court I.D. 5500657

*Penalty Sheet(s) attached                                                            REV.1/14/04

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name:   SAMUEL I. BURSTYN

Count #: 1     18 U.S.C. 1956(h)     Conspiracy to Commit Money Laundering

*Max. Penalty: 20 years' imprisonment and up to a $500,000 fine or twice the value of the funds involved in the transaction; supervised release term of not more than five years

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## BOND RECOMMENDATION

DEFENDANT:     SAMUEL I. BURSTYN

   PRE-TRIAL DETENTION is recommended as to the defendant.

By: _____
J. BRIAN McCORMICK
ASSISTANT UNITED STATES ATTORNEY
COURT I.D. A5500084
500 East Broward Blvd., Suite 700
Fort Lauderdale, FL 33394
(954) 356-7255
(954) 356-7230 (facsimile)

No. _____

# UNITED STATES DISTRICT COURT

Southern District of Florida
Central Criminal Division

## THE UNITED STATES OF AMERICA

vs.

SAMUEL I. BURSTYN

## INDICTMENT

18 U.S.C. 1956(h)

A true bill.

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 ___.

_____
Clerk

Bail, $ _____

```
                          U.S. District Court
                FLS - Southern District of Florida FtLauderdale

                   CRIMINAL DOCKET FOR CASE #: 04-CR-60279


SA v. Sealed Defendant 1                                       Filed: 10/28/04
ssigned to: William J. Zloch


kt # in other court: None



EALED DEFENDANT 1  (1)
      defendant

ending Counts:

    NONE

Terminated Counts:

    NONE

Complaints:

    NONE

U. S. Attorneys:

    NONE

----------------------------------

10/28/04      1       SEALED DOCUMENT as to Sealed Defendant 1 (dp)
                      [Entry date 10/29/04]

10/28/04      2       SEALED DOCUMENT as to Sealed Defendant 1 (dp)
                      [Entry date 10/29/04]

10/28/04      3       SEALED DOCUMENT as to Sealed Defendant 1 (dp)
                      [Entry date 10/29/04]

10/28/04      4       SEALED DOCUMENT as to Sealed Defendant 1 (dp)
                      [Entry date 10/29/04]

10/28/04      5       SEALED DOCUMENT as to Sealed Defendant 1 (dp)
                      [Entry date 10/29/04]
```